```
Mary Elizabeth Conn CBA #224597
MARY E. CONN & ASSOCIATES
55 River Street Ste. 100
Santa Cruz, CA  95060
Telephone: (831) 471-7103
Fax: (831) 426-0159
Attorney For Defendant RICARDO SAEZ

Geoffrey Alan Braun
Attorney at Law
181 Devine Strret
San Jose, CA 95110-2403
Telephone: (408) 288-9512
Fax: (408) 288-7316
Attorney for Defendant STEVEN MORENO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> RICARDO SAEZ and ) <br> STEVEN MORENO ) <br> ) <br> Defendants. ) <br> ) | No. CR 07-00507 JW <br><br> STIPULATION AND (PROPOSED) ORDER TO CONTINUE AND EXCLUDED TIME PURSUANT TO SPEEDY TRIAL ACT |

TO THE HONORABLE JAMES WARE:

Defendant Ricardo Saez, through his counsel, Mary Elizabeth Conn, and Assistant United States Attorney Thomas O'Connell stipulate and agree that time shall be excluded from September 24, 2007 through October 22, 2007 pursuant to 18 U.S.C. §§ 3161 (h)(8)(A) and (B)(iv), the Speedy Trial Act, in that the ends of justice served by the continuance requested outweigh the best interest of the defendant and public in speedy trial because the

failure to grant such a continuance would deny the defense the time necessary for effective preparation, taking into account the exercise of due diligence.

The parties request that the date of October 22, 2007 at 1:30pm be set for status of Mr. Saez, and that the date of September 24, 2007, currently set, be vacated for the reasons set forth below.

The parties stipulate and request that the Court find the following as a factual basis for excluding the time pursuant to the Speedy Trial Act:

(1) Parties request additional time to effectively prepare and investigate the facts surrounding this matter.

(2) Defense counsel Mary Conn is out of town and unavailable on September 24, 2007.

(3) In addition, the government is in the process of preparing and providing discovery in this case. An exclusion of time is necessary to afford the government time to complete the discovery process and to permit the defense to adequately assess the discovery and make informed decisions regarding any possible trial in this case.

For these reasons, the parties agree that a continuance is necessary to ensure that counsel is available and prepared to make informed decisions regarding the case, and denial of such a continuance would unreasonably deny the defendant effective case preparation pursuant to 18 U.S.C. § 3161 (h)(8)(A) and 3161(h)(B)(iv).

Dated: September 19, 2007

Respectfully submitted,
MARY E. CONN & ASSOCIATES

_____/s/_____
Mary Elizabeth Conn,
Attorney for Defendant Ricardo Saez

1
2
3                                              /s/
4                                     Geoffrey Alan Braun
                                      Attorney for Defendant Steven Moreno
5
6                                     SCOTT N. SCHOOLS
                                      United States Attorney
7
8                                              /s/
                                      Thomas M. O'Connell, AUSA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00507 JW |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER EXCLUDING TIME |
| | ) | PURSUANT TO SPEEDY TRIAL ACT |
| RICARDO SAEZ, and | ) | |
| STEVEN MORENO | ) | |
| Defendant. | ) | |

FOR THE REASONS SET FORTH ABOVE IN THE STIPULATION BETWEEN THE PARTIES, THE COURT INDEPENDENTLY FINDS, IT IS HEREBY ORDERED that the time from September 24, 2007 to October 22, 2007 is excluded from the Speedy Trial Act requirements of Title 18, United States Code, Section 3161 pursuant to Title 18, United States Code, Sections 3161(h)(8)(A) and 3161(h)(8)(B)(iv). The Court finds that the time is excludable in that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: September 20, 2007

_____
JAMES WARE
UNITED STATES DISTRICT JUDGE